**MARK S. GURALNICK**
*A Professional Corporation*
By: Mark S. Guralnick, Esq.
Identification No 42977
2202 Clover Drive
Broomall, PA 19008
(267) 999-9700
(610) 347-5100
Fax: 1-800-613-2585
msg@guralnicklegal.com           *Attorney for the Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VINCENT O'NEIL,**<br>11770 Haynes Bridge Road,<br>Suite #205-389<br>Alpharetta, GA 30009<br><br>*Plaintiff*<br><br>v.<br><br>**MEGAN O'NEIL**<br>1402 Grasshopper Road<br>Huntingdon Valley, PA 19006,<br><br>*Defendant* | CIVIL ACTION<br><br>NO.<br><br>*COMPLAINT UNDER THE FEDERAL OMNIBUS CRIME CONTROL AND SAFE STREETS ACT, 18 U.S.C. § 2520, AND THE PENNSYLVANIA WIRETAP ACT, 18 Pa. C.S.A. § 5725*<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, VINCENT O'NEIL, by and through his undersigned attorney, Mark S. Guralnick, Esq., files this civil action against the Defendant, MEGAN O'NEIL, and respectfully represents:

## I. INTRODUCTION

1. This is a civil action seeking money damages against Defendants MEGAN O'NEIL for violations of Plaintiff's privacy rights pursuant to the Omnibus Crime Control and Safe Streets Act (18 U.S.C. § 2520), and the Pennsylvania Wiretap Act (18 Pa. C.S.A. § 5725).

## II. JURISDICTION AND VENUE

2. This Court has federal question jurisdiction of this action pursuant to Title 18 U.S.C. §1331, and more specifically because the claims brought herein arise under 18 U.S.C. § 2511 and 18 U.S.C. § 2520.

4. Venue is proper in this judicial district under Title 28 U.S.C. §1391(b) because all, or a substantial part, of the events giving rise to this claim occurred within the Eastern District of Pennsylvania.

## III. NON-ARBITRATION.

5. Pursuant to Local Rule 53.1 (3)( C ), Plaintiff certifies that his damages are excess of One Hundred Fifty Thousand Dollars ($150,000.000), exclusive and interest and costs, and accordingly, this action is not appropriate for arbitration.

## IV. THE PARTIES

6. Plaintiff, VINCENT O'NEIL, is a resident and citizen of the State of Georgia. At one or more material times, Plaintiff was a resident and citizen of the Commonwealth of Pennsylvania.

7. Defendant, MEGAN O'NEIL, is, and at all times material hereto, was a citizen of the Commonwealth of Pennsylvania. Defendant is believed to be residing at 1402 Grasshopper Road, Huntingdon Valley, PA 19006, in the Township of Lower Moreland, County of

Montgomery and Commonwealth of Pennsylvania.

## V. FACTUAL ALLEGATIONS (Applicable to All Causes of Action)

8. At all times material hereto, Plaintiff and Defendant were married to each other.

9. During the course of their marriage, and specifically as a result of their marriage, Plaintiff and Defendant engaged in a wide variety of personal and intimate communications with each other, and Plaintiff discussed matters concerning himself, the marriage, the parties' child, the parties' personal affairs, personal health issues, and other subjects that were intended to be exchanged only between the parties themselves and nobody else.

10. Moreover, at all such times, Plaintiff engaged in said personal communications with the expectation that the communications would not be intercepted.

11. Plaintiff's expectation that the communications would not be intercepted was justifiable under the circumstances because the conversations between the parties were private, often quite personal, not intended to be heard by third parties, involved potentially embarrassing and confidential subjects, and would involve a public disclosure of private facts if intercepted and released to third parties. Moreover, the communications made by the Plaintiff were made only because Plaintiff believed at the time he was speaking in a free, protected zone of privacy, with the expectation that he could, in fact, speak freely without the risk of interception or recording.

12. Between March of 2019 and November of 2020, on at least five occasions, Defendant covertly and surreptitiously intercepted the private and personal communications she was having with the Plaintiff by secretly recording the said conversations on her Apple I-Phone. On information and belief, Defendant made both audio and video recordings in the parties' home

and built her library of secret recordings of Plaintiff's communications over at least 21 months.

13. After the parties separated and ceased cohabiting, Plaintiff learned that Defendant had successfully intercepted his communications when he discovered that she had replayed her recordings for her parents, Franicis McDonald and Suzanne (Sautter) McDonald, and one or more other family members and for third parties and medical offices, and when Plaintiff then – in a fit of rage – replayed one such unauthorized but successfully intercepted communication for the Plaintiff himself to demonstrate for him what she characterized as his offensive tone of speech.

14. Plaintiff was alarmed to then discover that he had been the victim of a long pattern of furtive interceptions perpetrated by the Defendant over an extended period of time and then replayed by her, without Plaintiff's knowledge, information or consent, and that said intercepted communications had then been published, aired and shared with third parties.

15. At all relevant times, Plaintiff had engaged in communications which were protected by both federal and state statutory law.

16. At all relevant times, Plaintiff rightfully possessed an expectation that the said communications would not be intercepted.

17. At all such times, Plaintiff's expectation that the communications would not be intercepted was both justified and justifiable under the circumstances.

18. At all such times, Defendant either attempted to or successfully intercepted the communications described herein in violation of federal and/or state law.

19. Moreover, Defendant wrongfully, knowingly, deliberately and unlawfully disclosed and used and/or attempted to disclose and use the said intercepted communications and/or the contents thereof, by sharing the said communications with third persons without the Plaintiff's

knowledge, information or consent in violation of federal and/or state law. On information and belief, Defendant disclosed the contents of the said communications to persons who will be called as witnesses in the divorce proceedings now pending between Plaintiff and Defendant, including doctors and/or therapists, and Defendant may have also made such disclosures to her divorce attorney as well.

20. At no time was Defendant authorized to tape, record, intercept or otherwise conduct surveillance of the Plaintiff pursuant to a court order, a warrant, or other judicial instrument.

21. At no time was Defendant authorized to disclose the intercepted communications or the contents thereof to third parties.

22. At no time did Plaintiff approve, condone, ratify, accept, or allow the said interception, disclosure or release of the communications which he (the Plaintiff) always and consistently expected to be private and confidential.

23. As a direct and proximate result of the Defendant's conduct described above, the Plaintiff's privacy was violated, and he suffered immense anguish, injury, insult, damage and expense.

## COUNT ONE

### UNLAWFUL INTERCEPTION OF PLAINTIFF'S ORAL COMMUNICATION

**(Omnibus Crime Control and Safe Streets Act: 18 U.S.C. § 2520)**

24. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

25. Defendant intercepted Plaintiff's aforesaid communications in violation of 18 U.S.C. § 2511(1)(a).

26. Plaintiff is entitled to relief for Defendants' violation of 18 USC § 2511(1)(a) under

18 U.S.C. § 2520.

**WHEREFORE,** Plaintiff, VINCENT O'NEIL, demands judgment of and from the Defendant, MEGAN O'NEIL, for damages, in excess of any arbitration limits, and more specifically as follows:

(A). For the greater of the sum of Plaintiff's actual damages or statutory damages pursuant to 18 U.S.C. § 2520(c)(A);

(B). For punitive damages;

(C). For attorneys fees, court costs and litigation expenses; and

(D). For such equitable, declaratory and other relief as the Court deems appropriate in the circumstances.

### *COUNT TWO*

### UNLAWFUL DISCLOSURE OF PLAINTIFF'S ORAL COMMUNICATION

**(Omnibus Crime Control and Safe Streets Act: 18 U.S.C. § 2520)**

27. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

28. Defendants intercepted and disclosed Plaintiff's aforesaid communications in violation of 18 U.S.C. § 2511(1)(c).

29. Plaintiff is entitled to relief for Defendants' violation of 18 U.S.C. § 2511(1)(c) under 18 U.S.C. § 2520.

**WHEREFORE,** Plaintiff, VINCENT O'NEIL, demands judgment of and from the Defendant, MEGAN O'NEIL, for damages, in excess of any arbitration limits, and more specifically as follows:

(A). For the greater of the sum of Plaintiff's actual damages or statutory damages pursuant to 18 U.S.C. § 2520(c)(A)

(B). For punitive damages;

(C). For attorneys fees, court costs and litigation expenses; and

(D). For such equitable, declaratory and other relief as the Court deems appropriate in the circumstances.

## COUNT THREE

### UNLAWFUL USE OF PLAINTIFF'S ORAL COMMUNICATION

**(Omnibus Crime Control and Safe Streets Act: 18 U.S.C. § 2520)**

30. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

31. Defendants intercepted and used plaintiff's aforesaid communications in violation of 18 USC § 2511(1)(d).

32. Plaintiff is entitled to relief for defendants' violation of 18 U.S.C. § 2511(1)(d) under 18 U.S.C. § 2520.

**WHEREFORE,** Plaintiff, VINCENT O'NEIL, demands judgment of and from the Defendant, MEGAN O'NEIL, for damages, in excess of any arbitration limits, and more specifically as follows:

(A). For the greater of the sum of Plaintiff's actual damages or statutory damages pursuant to 18 U.S.C. § 2520(c)(A)

(B). For punitive damages;

(C). For attorneys fees, court costs and litigation expenses; and

(D). For such equitable, declaratory and other relief as the Court deems appropriate in the circumstances.

:

## *COUNT FOUR*

### UNLAWFUL INTERCEPTION UNDER PENNSYLVANIA WIRETAP LAW

*[18 Pa. C.S.A. § 5725(a)]*

33. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

34. Defendant intercepted Plaintiff's aforesaid communications in violation of 18 Pa. C.S.A. § 5725(a).

35. Plaintiff is entitled to relief for Defendants' violation of 18 Pa. C.S.A. § 5725(a).

**WHEREFORE,** Plaintiff, VINCENT O'NEIL, demands judgment of and from the Defendant, MEGAN O'NEIL, for damages, in excess of any arbitration limits, and more specifically as follows:

- (A) Plaintiff's actual damages, but not less than liquidated damages computed at the statutory rate, whichever is higher;
- (B) Punitive damages;
- (C) A reasonable attorney's fee and other litigation costs reasonably incurred; and
- (D) Such other relief as the Court deems appropriate in the circumstances.

## *COUNT FIVE*

### UNLAWFUL DISCLOSURE UNDER PENNSYLVANIA WIRETAP LAW

*[18 Pa. C.S.A. § 5725(a)]*

36. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

37. Defendant intercepted and disclosed Plaintiff's aforesaid communications in violation of 18 Pa. C.S.A. § 5725(a).

38. Plaintiff is entitled to relief for Defendants' violation of 18 Pa. C.S.A. § 5725(a).

**WHEREFORE,** Plaintiff, VINCENT O'NEIL, demands judgment of and from the Defendant, MEGAN O'NEIL, for damages, in excess of any arbitration limits, and more specifically as follows:

(A) Plaintiff's actual damages, but not less than liquidated damages computed at the statutory rate, whichever is higher;

(B) Punitive damages;

(C) A reasonable attorney's fee and other litigation costs reasonably incurred; and

(D) Such other relief as the Court deems appropriate in the circumstances.

## *COUNT SIX*

### UNLAWFUL USE OF INTERCEPTED COMMUNICATIONS UNDER PENNSYLVANIA WIRETAP LAW

*[18 Pa. C.S.A. § 5725(a)]*

39. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

40. Defendant intercepted and used Plaintiff's aforesaid communications in violation of 18 Pa. C.S.A. § 5725(a).

41. Plaintiff is entitled to relief for Defendants' violation of 18 Pa. C.S.A. § 5725(a).

**WHEREFORE,** Plaintiff, VINCENT O'NEIL, demands judgment of and from the Defendant, MEGAN O'NEIL, for damages, in excess of any arbitration limits, and more specifically as follows:

(A) Plaintiff's actual damages, but not less than liquidated damages computed at the statutory rate, whichever is higher;

(B) Punitive damages;

(C) A reasonable attorney's fee and other litigation costs reasonably incurred; and

(D)  Such other relief as the Court deems appropriate in the circumstances.

## VI.  JURY DEMAND

Plaintiff, VINCENT O'NEIL, demands a trial by jury as against Defendant, MEGAN O'NEIL, with respect to each of the Counts set forth above.

**MARK S. GURALNICK**
*A Professional Corporation*
2202 Clover Drive
Broomall, PA 19008
Phone: 1-800-529-9377
Fax: 1-800-613-2585
Email: msg@guralnicklegal.com

By: _____
**Mark S. Guralnick, Esq.**
Identification No. 42977
*Attorney for the Plaintiff*

DATED:  June 18, 2021

## VERIFICATION

I, Vincent O'Neil, hereby verify that the allegations set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I make this Verification subject to the penalties of 18 Pa. C.S.A. § 4904, relating to unsworn falsification to authorities.

*/s/ Vincent O'Neil*

Vincent O'Neil

DATED: June 18, 2021